UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-1776 (RMC) |
| UNITED STATES DEPARTMENT OF THE TREASURY, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Wasn't it Bernie Sanders who expressed exasperation at the continuing attention to Hillary Clinton's emails some 18-20 months ago? He spoke too soon. Many interested parties have used the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2012) to try to find traces of the former Secretary of State's use of a private email server in emails at other federal agencies. Plaintiff Judicial Watch, which sued the Treasury Department to enforce its FOIA request for such emails, cannot believe that none were found; it wants a broader search. Treasury insists its three searches were appropriate enough, and has filed a Motion for Summary Judgement [Dkt. 7], asserting they have met their FOIA obligations. Judicial Watch has opposed, [Dkt. 12], and Treasury has replied [Dkt. 13]. The Court agrees with Treasury. Summary judgment will be granted to the Department.

**I. BACKGROUND**

Plaintiff Judicial Watch Inc. is a nonprofit education institution that regularly requests records under FOIA to "shed light on the operations of the federal government and to educate the public about those operations." Compl. [Dkt. 1] ¶ 3. Judicial Watch submitted a

1

FOIA request to the Department of the Treasury seeking any and all email correspondence between specific Treasury departments and any "clintonemail.com" address between February 2, 2009 and January 31, 2013. *Id.* ¶ 5. Specifically, Judicial Watch requested any such emails from the following three Treasury departments: (1) the Office of Foreign Assets (OFAC); (2) the Committee on Foreign Investment (CFIUS); and (3) the Office of the Secretary of the Treasury. *Id.*

In response, the three named Treasury departments independently conducted searches for responsive documents. *See* Def.'s Mem. in Support of Mot. for Sum. J. (MSJ Mem.) [Dkt. 7-1] at 2; Mot. Sum. J (MSJ) Ex. B [Dkt. 7-4], Ex. C [Dkt. 7-5]. The searches was limited to the "senior policy officials within each of the[] three offices," including "Secretaries of the Treasury, Associate Directors, Assistant Directors, the Deputy Director, and Director of OFAC, and the Directors of CFIUS." MSJ Ex. A (Law Decl.) [Dkt. 7-3] ¶ 5. The Secretary's Office and CFIUS searched for any email communication to or from any "clintonemail.com" address. *Id.* OFAC, for each individual searched, searched for email communications using either "clintonemail.com." "clintonemail" or "clinton" as search terms. *Id.* No search identified any responsive documents.

## II. LEGAL STANDARD

Summary judgment is the typical vehicle to resolve an action brought under FOIA. *See McLaughlin v. U.S. Dep't of Justice*, 530 F. Supp. 2d 210, 212 (D.D.C.2008). Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of

demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.

FOIA requires federal agencies to release government records to the public upon request, subject to certain exceptions. *See* 5 U.S.C. § 552(b); *Wolf v. C.I.A.*, 473 F.3d 370, 374 (D.C. Cir. 2007). The defendant in a FOIA case must show that its search for responsive records was adequate. *See Sanders v. Obama*, 729 F. Supp. 2d 148, 154 (D.D.C. 2010). In assessing whether an agency has met its obligations, the inquiry therefore goes to the adequacy of the search, not whether other responsive records may conceivably exist elsewhere. *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). A search's adequacy is measured by a standard of reasonableness and depends on the individual circumstances of each case. *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); *Judicial Watch, Inc. v. Dep't of State*, 177 F. Supp. 3d 450, 455 (D.D.C. 2016).

"A requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search by filing a lawsuit in the district court after exhausting any administrative remedies." *Valencia–Lucena v. U.S. Coast Guard,* 180 F.3d 321, 326 (D.C. Cir. 1999). "[T]he agency must demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.,* 71 F.3d 885, 890 (D.C. Cir. 1995). An agency must search for

documents in good faith, using methods that are reasonably expected to produce the requested information. *Valencia–Lucena,* 180 F.3d at 326 (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). The principal issue is not whether the agency's search uncovered responsive documents, but whether the search was reasonable. *Oglesby*, 920 F.2d at 67 n.13 (citing *Meeropol v. Meese,* 790 F.2d 942, 952–53 (D.C. Cir. 1986)). The agency need not search every record in the system or conduct a perfect search. *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1201 (D.C. Cir. 1991); *Meeropol,* 790 F.2d at 952, 956.

### III. ANALYSIS

Treasury argues that its searches for documents were adequate, and it is therefore entitled to summary judgment. MSJ Mem. at 1. Judicial Watch counters that Treasury has not shown that its search, limited only to senior officials, was appropriate. Opp. at 3. Specifically, Judicial Watch argues that Treasury has not demonstrated that it was unable to perform a global search of all employees' emails in the three offices. *Id.* If Treasury is able to execute such a search, Judicial Watch argues, then "Treasury's decision to narrow the search [to senior agency officials] would not be reasonable or appropriate." *Id*.

However, the operative question is not whether a global search of all employees is technically possible, but whether Treasury's searches were "reasonably calculated to uncover all relevant documents." *Nation Magazine*, 71 F.3d at 890. Treasury has proffered, through its supporting affidavits, that senior agency officials were "the only people in each office who could reasonably have communicated with Ms. Clinton or one of her senior aides, while Ms. Clinton was serving as Secretary of State." Law Decl. ¶ 5. Treasury asserts that, because of this fact, only a search of those officials' emails would be reasonably likely to uncover any relevant records.

Judicial Watch has given the Court no reason to doubt Treasury's commonsensical explanation. While it may be the case that Treasury could perform a global search of all its employees' emails, there is no indication that such a search of non-senior employees would be reasonably calculated to uncover relevant documents. There is further no allegation or indication that Treasury undertook its searches in bad faith. Treasury identified the relevant records to search and searched them using appropriate search terms. FOIA requires no more.

## CONCLUSION

Because Treasury's searches for documents were adequate, the Court will grant its Motion for Summary Judgment. A memorializing Order accompanies this Memorandum Opinion.

Date: March 31, 2017

/s/
ROSEMARY M. COLLYER
United States District Court